UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Blaylock,

        Plaintiff,                            Case No. 22-10049
                                                     District Judge Robert H. Cleland
v.                                                         Magistrate Judge Jonathan J.C. Grey

Robert Cooper, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY IN PART AND GRANT IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 18)**

      James Blaylock, an incarcerated person, brings this pro se complaint under 42 U.S.C. § 1983 against Robert Cooper, the St. Louis Correctional Facility Healthcare Unit ("SLF"), and the Michigan Department of Corrections ("MDOC") (collectively "defendants"). (ECF No. 1.) Blaylock alleges that defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to his medical needs. Blaylock seeks monetary and injunctive relief. On January 10, 2022, the Court dismissed MDOC as a defendant. The undersigned now considers Dr. Cooper and SLF's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, the undersigned **RECOMMENDS** that Dr. Cooper's motion to dismiss be **DENIED IN PART and GRANTED IN PART**; and SLF Healthcare Unit's motion to dismiss be **GRANTED**.

## I. Background

According to Blaylock's complaint, a medical professional diagnosed him with paranoid schizophrenia in 2007, prior to his incarceration in 2012. (ECF No. 1, PageID.3.) Blaylock has not taken medication for his mental health disorder since 2013. (*Id.*) He claims that he "was doing ok" from 2013-2020 without his medication in prison. (*Id.*) However, in 2020, Blaylock began to hear voices and felt anxiety while he was incarcerated at the Robert Cotton Correctional Facility ("JCF"). (*Id.*) Blaylock claims that after he talked to a "psych" at JCF, he began to feel better. (*Id.*)

MDOC transferred Blaylock to SLF in 2021. (*Id.*) After his transfer, he sought help for his mental health issues from SLF psychologist, Dr. Cooper.

Blaylock alleges that Dr. Cooper failed to provide him with health care treatment for his mental health issues. Blaylock claims that he showed SLF doctors his medical records which showed his 2007 diagnosis and the medication prescribed for his mental health. Blaylock claims that Dr. Cooper told him that he was lying about his mental health and that he was misdiagnosed. Blaylock alleges

2

that Dr. Cooper and doctors in SLF's health care unit acted with deliberate indifference to his medical needs by not treating him.

Blaylock claims that his mental state and well-being are dwindling, he is depressed, agitated, paranoid, and cannot sleep. (ECF No. 1, PageID.3.) In his complaint, Blaylock seeks the following relief: mental health treatment, injunctive relief, compensatory damages, punitive damages, and damages for mental anguish and emotional distress. (*Id.*, PageID.4.)

Blaylock filed this complaint in the Western District of Michigan. On January 10, 2022, the Western District transferred the case to the Eastern District of Michigan. The Western District also dismissed Blaylock's claim against MDOC because the state and its agencies are immune from suit under the Eleventh Amendment. (ECF No. 3, PageID.21.)

**I.      Legal Standard**

To survive a motion to dismiss under Federal Rule of Procedure 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must also illustrate the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

When assessing a motion to dismiss under Rule 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

Pro se plaintiffs are held to a less stringent pleading standard than represented plaintiffs. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Despite the less stringent standard, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirement." *Id*. (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

**II.   Analysis**

The Western District of Michigan dismissed Blaylock's Eighth Amendment claim against MDOC. (ECF No. 3.) Blaylock's remaining Eighth Amendment claims are against Dr. Cooper and the SLF Healthcare Unit, each in their official capacities. (ECF No. 1, PageID.2.)

Defendants argue that Blaylock's claims against them must fail because (1) they are immune from suit under the Eleventh Amendment; (2) SLF is not a person

for the purposes of 42 U.S.C. § 1983; and (3) Blaylock's claims do not rise to the level of an Eighth Amendment violation. (ECF No. 18.)

### A. Dr. Cooper

The Eleventh Amendment bars civil rights actions in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or consented to be sued. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Additionally, a suit against a state employee in his official capacity is tantamount to a suit against the state itself and requires dismissal of claims seeking monetary relief. *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *see also Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

At the time of the alleged misconduct, Dr. Cooper was a state official. Blaylock unequivocally asserted his Eighth Amendment claim against Dr. Cooper in his official capacity. (ECF No. 1, PageID.2.) For this reason, Dr. Cooper argues that he is immune from Blaylock's claims and should be dismissed. (ECF No. 18, PageID.498-49.) However, Blaylock seeks both injunctive and monetary relief. (ECF No. 1, PageID.4.) State officials sued in their official capacity are not immune from claims that seek injunctive relief. *Thiokol Corp.*, 987 F.2d at 383 (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)).

The Court must dismiss Blaylock's claim against Dr. Cooper for monetary damages since Blaylock sued him in his official capacity. But, if Blaylock

5

sufficiently pleaded a claim to which relief can be granted, the Court must allow his Eighth Amendment claim against Dr. Cooper to proceed solely for injunctive relief.

The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In *Estelle v. Gamble*, the Supreme Court held that deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. 429 U.S. 97, 104–05 (1976).

A deliberate indifference claim has two components: objective and subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In considering an Eighth Amendment claim, a court must ask (1) if the alleged wrongdoing was sufficiently serious to establish a constitutional violation and (2) if the officials acted with a sufficiently culpable state of mind. *Id.*; *see also Hudson*, 503 U.S. at 8. The objective component requires a showing of a sufficiently serious medical condition. *Hudson*, 503 U.S. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires a showing of each defendant's "sufficiently culpable state of mind." *Id.* (citing *Wilson*, 501 U.S. at 289, 303).

1. **Sufficiently Serious Medical Need**

Defendants argue that Blaylock's Eighth Amendment claim fails on the objective component because he is unable to show that he has a serious medical need. (ECF No. 18, PageID.54.)

Serious medical needs generally fall into one of two categories: (1) a medical need diagnosed by a physician as requiring treatment or (2) a medical need that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (citing *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

Blaylock alleges that a medical provider diagnosed him with schizophrenia prior to his incarceration and prescribed him medication for treatment. (ECF No. 1, PageID.3.) Accepting these allegations as true, the physician's schizophrenia diagnosis qualifies as a "serious medical need." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (holding "psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies.") Furthermore, a lay person experiencing Blaylock's alleged mental health symptoms which include hearing voices, would recognize the need for medical treatment. *Horn v. Madison Cnty.*, 22 F.3d 653, 660 (6th Cir. 1994); *see also Gunther v. Castineta*, 561 F. Appx. 497, 501 (6th Cir. 2014).

The undersigned turns to the subjective prong of the inquiry.

**2. Deliberate Indifference**

Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. To establish the subjective component, Blaylock "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles,* 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). The alleged conduct must "demonstrate deliberateness tantamount to an intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005). However, "'[a] prisoner is not required to show that [they were] literally ignored by the staff to prove an Eighth Amendment violation, only that [their] serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014) (citations omitted).

Additionally, the Sixth Circuit distinguishes between cases in which a plaintiff alleges complete denial of medical care and cases in which a plaintiff alleges they received inadequate medical treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). For the latter, cases exist where the treatment received was "so woefully inadequate so as to amount to no treatment at all." *Id.* If a plaintiff actually received medical treatment, however, federal courts are generally reluctant to second-guess medical judgments. *Id.* Accordingly, when a medical professional provides treatment, "albeit carelessly or inefficaciously, to a

8

prisoner, [they have] not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F.3d at 703.

Defendants argue that SLF's health care unit saw Blaylock on three separate occasions in response to his requests for treatment, and Dr. Cooper saw Blaylock on two of those occasions. (ECF No. 18, PageID.56.) Dr. Cooper's evaluation of Blaylock revealed that Blaylock's 2007 diagnosis was in error and that he does not have schizophrenia. (*Id.*, PageID.53.) According to the defendants, in the absence of a schizophrenia diagnosis by their medical staff, there was no medical need necessitating treatment. (*Id.*, PageID.54.) Defendants claim that Blaylock's multiple health care visits, evaluations, and diagnosis demonstrate that Blaylock received adequate treatment. (*Id.*)

At this juncture in the litigation, "a prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake*, 537 F.2d at 860. Blaylock did just that. "[A]t this early stage of the litigation, Plaintiff's burden does not require him to prove his claim of an Eighth Amendment violation." *Abbruzzino v. Hutchinson*, No. 08-11534, 2009 WL 799245, at *6 (E.D. Mich. Mar. 24, 2009).

In his complaint, Blaylock alleges that after he began to hear voices in his head and feel anxiety, he sought "help" from Dr. Cooper and the SLF health care unit, but they did not help him. Blaylock alleges that he showed the doctors his medical records from his schizophrenia diagnosis in 2007 but the doctors disregarded those records. Blaylock alleges that "I haven't received health care, I have spoken with a psych just to be berated." (ECF No. 1, PageID.3.) Though Blaylock does not specify the type of help he was seeking, he does allege that prison authorities denied his requests for medical care. Accepting Blaylock's allegations as true and viewing the complaint in the light most favorable to him, Blaylock sufficiently stated a claim that Dr. Cooper had knowledge of Blaylock's serious medical needs and acted with deliberate indifference to those needs. Dr. Cooper's refusal to enroll Blaylock in therapy, seek additional opinions, provide medication, or any other form of treatment could lead a trier of fact to conclude the prison officials exhibited deliberate indifference by failing to treat Blaylock's medical issues. *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009) (a prisoner stated a cause of action by alleging that he told medical personnel that he was experiencing testicular pain, but the medical personnel failed to provide him with medicine or to examine the painful area for three months).

Despite the lack of a fatal outcome, this case shares some similar facts with another § 1983 action, *Comstock v. McCrary*, 273 F.3d 693, 698 (6th Cir. 2001). In

10

*Comstock*, MDOC referred a prisoner, Montgomery, for a psychological evaluation because an officer observed Montgomery acting despondently in his cell. 273 F.3d 693, 698 (6th Cir. 2001). A prison psychologist, McCrary, evaluated the prisoner. During the evaluation, Montgomery reported feeling depressed and suicidal. Consequently, McCrary placed Montgomery on close observational status. After a subsequent evaluation, Montgomery told McCrary that he no longer felt suicidal. Based on this evaluation and Montgomery's statements, McCrary took Montgomery off close observational status. Later that afternoon, Montgomery died by suicide.

McCrary filed a motion for summary judgment on the grounds that "whether he could have performed a more in-depth evaluation of Montgomery is irrelevant because a dispute over a doctor's medical judgment does not amount to a violation of a patient's constitutional rights." *Id*. at 700. The Sixth Circuit thought otherwise and affirmed the denial of McCrary's motion. The court reasoned that merely asking Montgomery evaluation questions instead of performing an additional corroborative investigation could constitute inadequate medical care. *Id*. at 709.

Here, according to Blaylock's complaint which must be accepted as true, he gave Dr. Cooper his 2007 medical reports containing his schizophrenia diagnosis and reported that he was experiencing symptoms consistent with schizophrenia. Similar to the doctor in *Comstock*, Dr. Cooper allegedly failed to conduct a

11

corroborative investigation. *See also id.* at 709. The undersigned interprets *Comstock* to mean that Dr. Cooper's two visits with Blaylock *may not* have been enough. The defendants here make a similar argument as the defendant in *Comstock*, and that is treatment beyond initial evaluations was not needed and that further inquiry into that decision is irrelevant because mere disagreement with a diagnosis does not constitute deliberate indifference. (ECF No. 18, PageID.55.) That may be true in some cases, but in its analysis, *Comstock* considered deposition testimony from medical providers who disagreed with the defendant's methodology in evaluating the inmate. Here, no discovery has occurred.

      Whether Dr. Cooper's conduct actually constituted a deliberate indifference to Blaylock's medical concerns is a question that is better suited for a decision based upon a motion for summary judgment or trial. *Westlake*, 537 F.2d at 861. (holding that the plaintiff should have the opportunity to prove the truth). At bottom, after reviewing Blaylock's complaint through the requisite lens of accepting his facts as true at the motion to dismiss stage; Blaylock's complaint contains sufficient facts, if proven, that would support a deliberate indifference claim against Dr. Cooper for injunctive relief. *See Bays v. Cnty. Of Montgomery*, No. 15-10534, 2016 WL 1728569, at *3 (E.D. Mich. May 2, 2016) (denying defendant's motion to dismiss a plaintiff's complaint alleging jail officials failed to provide mental health treatment in a timely manner). Indeed, Blaylock alleges that

12

although medical professionals saw him, they did nothing. If true, this supports a deliberate indifference claim, although. *Id.* There is doubt as to whether Blaylock can prove a set of facts to support his claim. *Westlake*, 537 F.2d at 858 (holding that "[a] motion to dismiss [] should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.") (citations omitted).

Accordingly, the undersigned **RECOMMENDS** that Dr. Cooper's motion to dismiss Eighth Amendment claims against him seeking monetary damages be **GRANTED** and claims seeking injunctive relief be **DENIED.**

### B. SLF Healthcare Unit

SLF argues that it is entitled to sovereign immunity under the Eleventh Amendment since it is a facility operated by the MDOC and is therefore a division of the MDOC and, by extension, the State of Michigan itself. (ECF No. 18, PageID.48.) SLF also argues that it is not a "person" within the meaning of 42 U.S.C. § 1983. (*Id.*, 49.)

Courts in this District have held that MDOC facilities are part of the MDOC, a state department, and "therefore [enjoy] Eleventh Amendment immunity." *Canada v. Thumb Correctional Facility*, No. 20-10027, 2020 WL 166643, at *2 (E.D. Mich. Apr. 3, 2020); *see also Streu v. Charles Egeler Reception & Guidance Ctr.*, No. 20-13101, 2021 WL 37733, at *2 (E.D. Mich. Jan. 5, 2021). Additionally,

13

a state correctional facility is not a 'person' for purposes of § 1983. *Clement v. Macomb Correctional Facility*, No. 22-10853, 2022 WL 2292720, at *2 (E.D. Mich. June 24, 2022) (citing *Anderson v. Morgan Cnty. Corr. Complex*, No. 15–6344, 2016 WL 9402910, at * 1 (6th Cir. Sept. 21, 2016)). Sovereign immunity and lack of "person" status under § 1983 block Blaylock's claims against SLF Healthcare Unit. Accordingly, the undersigned **RECOMMENDS** that SLF Healthcare Unit's motion to dismiss Eighth Amendment claims against it be **GRANTED**.

### III. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Dr. Cooper's motion to dismiss be **DENIED IN PART and GRANTED IN PART**; and SLF Healthcare Unit's motion to dismiss be **GRANTED**.

Dated: February 27, 2023   s/**Jonathan J.C. Grey**
　　　　　　　　　　　　　　　　　Jonathan J.C. Grey
　　　　　　　　　　　　　　　　　United States Magistrate Judge

14

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2023.

s/ **J. Owens**
Julie Owens
Case Manager
