UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES L. BLAYLOCK,

        Plaintiff,

v.

ROBERT COOPER,

        Defendant.
_____/

Case No. 22-cv-10049

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

**OPINION AND ORDER:**
**(1) ADOPTING MAGISTRATE JUDGE STAFFORD'S JANUARY 5, 2024 REPORT AND RECOMMENDATION (ECF NO. 57);**
**(2) OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF NO. 58);**
**(3) DENYING *PRO SE* PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO 47);**
**(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 49); AND**
**(5) DISMISSING THIS CASE WITH PREJUDICE**

**INTRODUCTION**

On January 5, 2024, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") (ECF No. 57) addressing the cross-Motions for Summary Judgment filed in this matter (ECF Nos. 47, 49). In the R&R, Magistrate Judge Stafford recommends that *pro se* Plaintiff James L. Blaylock's Motion (ECF No. 47) be denied, and that Defendant Robert Cooper's Motion (ECF No. 49) be granted.

1

Plaintiff filed seven Objections to the Magistrate Judge's R&R on January 22, 2024. (ECF No. 58). On February 5, 2024, Defendant filed a Response to these Objections. (ECF No. 59).

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the portions of the R&R to which Defendant has filed "specific written objections." *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

Having conducted a *de novo* review, the Court **REJECTS** Plaintiff's Objections (ECF No. 58), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 57), **DENIES** Plaintiff's Motion for Summary Judgement (ECF No. 47), **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 49), and **DISMISSES** this case **WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The procedural history and background facts related to Plaintiff's Complaint are accurately set forth in greater detail in the Magistrate Judge's Report and Recommendation and will not be repeated here in full. (See ECF No. 57, PageID.378–80).

As set forth in the R&R, Plaintiff James L. Blaylock, a prisoner of the Michigan Department of Corrections, was diagnosed with paranoid schizophrenia

in March 2009. (*Id.* at PageID.379). He received medication and counseling treatment through May 2011, but did not receive any medication while incarcerated from 2013 to 2020. (*Id*).

In August 2020, Plaintiff, who was then housed at the G. Robert Cotton Correctional Facility ("JCF") requested mental health treatment. (*Id*). Plaintiff received two diagnostics tests, which indicated that Plaintiff had previously overreported his paranoid schizophrenia symptoms and was likely malingering. (*Id*). Thus, JCF declined to refer him for further psychiatric treatment. (*Id*).

In January 2021, when Plaintiff was transferred to St. Louis Correctional Facility, he first interacted with Defendant Robert Cooper, a limited licensed psychologist. (*Id*). Between July and October of 2021, Defendant evaluated Plaintiff's mental health concerns on five separate occasions and consistently found that Plaintiff exhibited no signs of schizophrenia. (*Id*). Accordingly, Defendant did not prescribe Plaintiff medication, but continued to meet with Plaintiff whenever he reported that he was experiencing symptoms of schizophrenia, to wit suicidal and homicidal ideation in December 2021. (*Id*. at PageID.379–80).

Plaintiff filed suit against Defendant, alleging that Defendant was deliberately indifferent to his medical need because Defendant denied him medical treatment. (*Id*. at PageID.380).

On June 20, 2023, the Court referred all pretrial matters in this case to Magistrate Judge Elizabeth A. Stafford. (ECF No. 37).

On August 16, 2023, and August 21, 2023, Plaintiff and Defendant filed cross Motions for Summary Judgment. (ECF Nos. 47, 49).

On January 5, 2024, Magistrate Judge Stafford issued a Report and Recommendation that Plaintiff's Motion for Summary Judgment (ECF No. 47) be denied, and Defendant's Motion for Summary Judgment (ECF No. 49) be granted (ECF No. 57).

On January 22, 2024, Plaintiff filed seven Objections to Judge Stafford's R&R. (ECF No. 58). On February 5, 2024, Defendant filed a Response to these Objections. (ECF No. 59).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo*

review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III.   ANALYSIS

Plaintiff submitted seven numbered Objections to the R&R.

**A. Objection 1:**

As explained in the R&R:

> To prevail on a deliberate indifference claim, an inmate must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective component, [the plaintiff] must show that [the defendant's] acts or omissions deprived him of

5

"the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm." *Id*.

(ECF No. 57, PageID.382). Plaintiff first objects to Magistrate Judge Stafford's finding that Plaintiff cannot establish the objective component of his deliberate indifference claim. (ECF No. 58, PageID.392).

Plaintiff was evaluated by Defendant or another provider thirteen times between July and December 2021. (ECF No. 57 at PageID.383). During these evaluations, Defendant and other providers repeatedly found that Plaintiff did not exhibit any symptoms consistent with schizophrenia. (*Id*. at PageID.383–85). Specifically, Defendant "concluded that [Plaintiff] was not schizophrenic, as he made logical arguments; was in touch with reality; engaged in normal daily activities; was oriented with linear thinking; was not responding to internal stimuli; and responded to all questioning in a direct and coherent manner." (*Id*. at PageID.384) (internal quotation mark omitted). Defendant's assessment was later seconded by Amie Ramirez, another counselor who evaluated Plaintiff and found that "his described symptoms did not align with schizophrenia." (*Id*).

Plaintiff first Objection is "not that he wasn't screen[ed] correctly" for schizophrenia but that Defendant "never treated him for schizophrenia," (ECF No. 58, PageID.393).

The Court **OVERRULES** this Objection. Defendant had no obligation to treat Plaintiff for schizophrenia because after thirteen clinical evaluations and a

6

second opinion, Defendant reasonably concluded that Plaintiff was malingering and did not suffer from schizophrenia. *See Hursey v. Taglia*, 2012 WL 4505994, at *5-6, 12 (W.D. Mich. Sept. 10, 2012) (finding that the plaintiff could not establish deliberate indifference when the defendant discontinued the plaintiff's medication after determining that he was malingering).

Despite determining that Plaintiff was malingering, Defendant continued to treat Plaintiff "and placed [Plaintiff] on clinical observation status when he claimed to have suicidal ideation." (ECF No. 57, PageID.386). While Plaintiff clearly disagrees with Defendant's diagnosis, this was not deliberate indifference under the Eighth Amendment. *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment"); *Heard v. Huibregtse*, 2010 WL 2196122, at *7 (W.D. Wisc. May 27, 2010) (finding no deliberate indifference where the "plaintiff was likely malingering and overstating symptoms" yet the defendant "continued to meet with plaintiff and placed him on clinical observation status").

## B. Objection 2:

Plaintiff next objects to Magistrate Judge Stafford's finding that he cannot establish the subjective component of his deliberate indifference claim. (ECF No. 58, PageID.393).

As stated in the R&R:

7

> The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

(ECF No. 57, PageID.382).

Plaintiff argues that he satisfies this requirement because Defendant "never treated [Plaintiff] for schizophrenia . . . which can be seen as [Defendant] disregarding an excessive risk to [Plaintiff's] mental health." (ECF No. 58, PageID.393).

The Court **OVERRULES** this Objection. Defendant did not disregard an excessive risk to Plaintiff's mental health by failing to treat Plaintiff for schizophrenia, because Defendant, after numerous rounds of clinical evaluation, determined that Plaintiff did not suffer from schizophrenia. Therefore, Plaintiff determined that treatment for this specific malady was unnecessary. As stated above, the fact that Plaintiff disagrees with this diagnosis and treatment does not establish deliberate indifference. *See Chastain v. Sarasin*, 2009 WL 973332, at *3 (E.D. Mich. Apr. 9, 2009) ("A disagreement with the course of treatment fails to state a claim of deliberate indifference") (citing *Sanderfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir.1995); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976)).

In contrast, the evidence indicates that when Defendant was aware that Plaintiff was facing a substantial risk of serious harm, Defendant acted appropriately. For instance, as noted in the R&R, when Plaintiff "claimed that he had suicidal ideation, [Defendant] placed him on observation status. And [Defendant] removed [Plaintiff] from observation only when [Plaintiff] admitted that he never intended to harm himself." (ECF No. 57, PageID.389) (internal citations omitted).

Since "there is no evidence that [Defendant] knew of and disregarded an excessive risk to [Plaintiff's] mental health" (*id*), Plaintiff cannot establish the subjective component of his deliberate indifference claim.

**C. Objection 3:**

Plaintiff's further objects to Magistrate Judge Stafford's finding that no reasonable jury could find that Plaintiff satisfied the objective component required of his deliberate indifference claim. (ECF No. 58, PageID.394). This is largely duplicative of Plaintiff's Objection 1, which the Court has rejected. The Court will not rehash this Objection here.

Plaintiff also objects to the portion of the R&R, which states that Plaintiff's contention "that his visits with [Defendant] were not clinical evaluations, claiming that [Defendant] spent only two minutes with him, questioned his honesty, insisted

9

that he was misdiagnosed, and ignored his complaints" was "unsupported by any evidence such as an affidavit or deposition testimony." (ECF No. 57, PageID.385).

Plaintiff believes this finding was in error because the "facts are [that Plaintiff] has schizophrenia, [Defendant] was aware of [Plaintiff] being diagnosed [with] schizophrenia[,] [and Defendant] never treated [Plaintiff] for schizophrenia." (ECF No. 58, PageID.394).

Plaintiff's Objection misunderstands the portion of the R&R, which it references. In this portion of the R&R, Magistrate Judge Stafford is not deciding whether Plaintiff does or does not suffer from schizophrenia. Magistrate Judge Stafford is simply noting that the record evidence indicates that Plaintiff's visits with Defendant were clinical evaluations that constituted medical treatment. (ECF No. 57, PageID.385). After reviewing the record, the Court agrees.

Lastly, in Objection 3, Plaintiff argues that it was in error to allow Defendant, a limited licensed psychologist, to "disagree with multiple physicians' diagnoses" that Plaintiff suffered from schizophrenia. (ECF No. 58, PageID.394) (cleaned up). Plaintiff offers no case law or other authority to support the proposition that a licensed mental health professional cannot reasonably reevaluate a diagnosis previously made by a physician.

Furthermore, Defendant did not simply "disagree" with Plaintiff's previous schizophrenia diagnosis. Defendant evaluated Plaintiff five times between July and

10

October 2021 and found that he showed no symptoms of schizophrenia. (ECF No. 57, PageID.379). Defendant also reviewed Plaintiff's earlier diagnostic test results, which indicated that Plaintiff was malingering. (*Id*). After this wholistic clinical evaluation and "[b]ased on his observations and the test results [], [Defendant] concluded that [Plaintiff] was not schizophrenic and did not prescribe medication." (*Id*). Defendant did, however, continue to meet "with [Plaintiff] when he or corrections officers reported psychiatric symptoms." (*Id*. at PageID.380).

Magistrate Judge Stafford found that these actions did not amount to deliberate indifference under the Eighth Amendment and this Court agrees. Plaintiff's Objection 3 is **OVERRULED**.

**D. Objection 4:**

Magistrate Judge Stafford notes in the R&R that:

> To satisfy the objective component [of a deliberate indifference claim], an inmate who received treatment but claims that it was inadequate must show that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rhinehart*, 894 F.3d at 737 (cleaned up). The plaintiff must offer medical evidence, such as expert testimony, showing "that the provided treatment was not an adequate medical treatment of [his] condition or pain." *Id.* (cleaned up); *see also Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021) (to prove that medical care was inadequate, "courts generally require [plaintiffs] to introduce medical evidence, typically in the form of expert testimony").

(ECF No. 57, PageID.386).

11

Plaintiff objects to the requirement that he present medical evidence such as expert testimony to prove that his medical care was inadequate for two reasons. (ECF No. 58, PageID.394). First, Plaintiff states that he "requested for [a] medical expert [with a] motion but [that request] was denied." (*Id*). Plaintiff does not explain why the denial of his motion exempts him from this requirement. Instead, Plaintiff goes on to claim that he did in fact "show[] medical evidence to prove [the] objective component" (*id*), but he fails to describe what that medical evidence was.

Next, as Magistrate Judge Stafford notes, the requirement that an inmate offer medical evidence to show that his care was substandard is only applicable when that inmate "received treatment but claims that it was inadequate" (ECF No. 57, PageID.386), not when the inmate received no treatment at all.

Plaintiff argues that he received no treatment at all and, thus, the medical evidence requirement is inapplicable. (ECF No. 58, PageID.394). However, as Defendant aptly notes, this argument is "predicated, again, on [Plaintiff's] refusal to recognize his repeated contacts with [Defendant] and others as treatment because they are not his preferred treatment." (ECF No. 59, PageID.401). As explained above, Plaintiff received ample medical treatment in the form of clinical evaluations, diagnostic tests, and observation. (ECF No. 57, PageID.386).

12

While Plaintiff maintains that, in addition to the above treatment, he should have been given further treatment for his schizophrenia (ECF No. 58, PageID.394), this is ultimately a question of the adequacy of Defendant's treatment and not an instance in which an inmate was denied care entirely. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." In the latter, "courts are generally reluctant to second guess medical judgments").

Therefore, Plaintiff was required to present medical evidence establishing that his care was grossly inadequate. Since Plaintiff did not do so, the Court **OVERRULES** this Objection.

### E. Objection 5:

In the R&R, Magistrate Judge Stafford, recounting the December 2021 incident in which Plaintiff was placed on observation after having suicidal ideations, states:

> Ramirez placed [Plaintiff] back on observation status two weeks later, as he reportedly attempted suicide by swallowing a handful of multivitamins. *Id.*, PageID.255-266. Days later, [Plaintiff] was removed from observation after admitting to [Defendant] that he took the vitamins "in an attempt to make people believe he was overdosing" and "vehemently denied wanting to harm himself."

(ECF No. 57, PageID.384). This is significant evidence of Plaintiff's malingering noted by the two prison counselors.

13

Plaintiff objects to this portion of the R&R. He argues that the statement in which he "admitted to [Defendant] that he took pills to make people believe he was overdosing . . . is not fact[] [and] that was [Defendant's] opinion [and Plaintiff] never stated that." (ECF No. 58, PageID.394).

The Court **OVERRULES** this Objection. This statement is not, as Plaintiff contends, merely "[Defendant's] opinion" (*id*). This statement is a direct quotation taken from Defendant's medical file. (ECF No. 49-2, PageID.268). Magistrate Judge Stafford did not err in referring to this medical file, which was included in the record as Exhibit 2 to Defendant's Motion for Summary Judgment. (ECF 49-2).

Plaintiff further objects to the R&R's citation to *Heard v. Huibregtse*, 2010 WL 2196122. Plaintiff does not offer any cogent reason why *Heard* is inapplicable; rather, as Defendant notes, Plaintiff "simply speculates that the caselaw [] cited by the Magistrate Judge is factually dissimilar and therefore inapplicable." (ECF No. 59, PageID.402). The Court **OVERRULES** this perfunctory Objection.

**F. Objection 6:**

Plaintiff also objects to Magistrate Judge Stafford's finding that Defendant "chose [one] form of treatment over another," as Plaintiff believes that he received no medical treatment whatsoever. (ECF No. 58, PageID.395).

14

This characterization stems, again, from Plaintiff's persistent failure to recognize that Defendant did provide Plaintiff with medical care by meeting with and evaluating Plaintiff whenever Plaintiff reported symptoms. (ECF No. 57, PageID.384–85). While it is true that Defendant refused to treat Plaintiff for schizophrenia after Defendant determined that Plaintiff was malingering, this does not negate the fact that Plaintiff did receive other forms of treatment from Defendant.

Furthermore, even if one assumes, *arguendo*, that Plaintiff is correct, and Defendant misdiagnosed Plaintiff as malingering when Plaintiff did in fact have schizophrenia, Plaintiff's claim fares no better. Even if Defendant acted negligently in coming to this diagnosis of malingering, "[n]egligence in diagnosing a medical condition does not constitute unconstitutional deliberate indifference." *Bertl v. City of Westland*, 2009 WL 247907, at *5 (6th Cir. Feb. 2, 2009) (quoting *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir.1995) (internal quotation mark omitted); *see also Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment").

Finally, Plaintiff argues once more that Defendant, a limited licensed psychologist, was not qualified to disagree with the physicians who previously diagnosed Plaintiff as schizophrenic. (ECF No. 58, PageID.395). Plaintiff, again,

15

offers no basis in law for this argument, and the Court rejects it. As a licensed psychologist hired to treat the mental health of inmates at St. Louis Correctional Facility, Defendant must have some measure of freedom to treat his patients as he, relying on his professional expertise, reasonably sees fit. On occasion, this may entail disagreeing with or modifying a patient's previous diagnosis. The Court **OVERRULES** this Objection.

**G. Objection 7:**

Lastly, Plaintiff objects broadly to Magistrate Judge Stafford's recommendation that the Court deny Plaintiff's Motion for Summary Judgment. (ECF No. 58, PageID.395). As discussed in this Court's analysis of Objections 1 and 2, Plaintiff is unable to prove either the objective or subjective elements of his deliberate indifference claim. Therefore, his Motion for Summary Judgment on this claim is denied. The Court **OVERRULES** this Objection as well.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Plaintiff's Objections (ECF No. 58);

**(2) ADOPTS** Magistrate Judge Stafford's January 5, 2024 Report and Recommendation (ECF No. 57);

**(3) DENIES** Plaintiff Motion for Summary Judgment (ECF No. 47);

  **(4) GRANTS** Defendant's Motion for Summary Judgment (ECF No. 49);

and

  **(5) DISMISSES** this case **WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: March 11, 2024             <u>s/ Paul D. Borman</u>
                          Paul D. Borman
                         United States District Judge